IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-30104-WDS |
| ) | |
| BENNY THOMPSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

This matter is before the Court on defendant's motion to dismiss for speedy trial violations pursuant to 18 U.S.C. § 3161. The government has filed a response to the defendant's motion, and the defendant a reply.

The defendant was arrested on March 3, 2004, for possession of methamphetamine and charged with drug related felony offenses in Bond County, Illinois. The defendant was indicted in this Court on drug related federal offenses on August 17, 2004, and arrested on August 19, 2004. His state charges were then dismissed in Bond County. He asserts that his speedy trial rights were violated because he was not charged with a federal indictment or information within thirty days of his arrest in March of 2004. Defendant asserts that the filing of the state charges was merely to "facilitate the ultimate filing of federal charges," and points as evidence of this to the fact that the state charges were dismissed after the federal charges were filed.

In its response, the government asserts that the defendant was not arrested by federal agents, was not taken into federal custody and there were no federal charges filed against the defendant at the time of his arrest in March of 2004.

The defendant points out, in his reply, that there were federal ATF agents present at the time of the defendant's arrest, and that ATF Agent Paul Heiser was part of the investigation. The defendant asserts that the March 3, 2004, arrest was really a federal arrest, and therefore the Speedy Trial Act was triggered.

## DISCUSSION

The Seventh Circuit has held, "[i]t is well settled that the Sixth Amendment speedy-trial right has no application prior to arrest or indictment." *United States v. Wallace,* 326 F.3d 881, 885 (7th Cir. 2003). Further, when the defendant is arrested by state authorities on a state charge, "the Sixth Amendment speedy trial clock [does not begin to run] for purposes of the subsequent federal charge." *Id.* The defendant's assertion that the state charges were actually federal charges, or some sort of federal place holder, is simply not a basis for this Court to find a speedy trial violation. Regardless of the interpretation the defendant seeks to place on the facts, the record reveals that he was initially charged with state violations. The mere fact that the defendant potentially faced both state and federal charges is not the issue for determining Speedy Trial violations. The defendant's speedy trial calculations for Sixth Amendment purposes are, and must be, based on his federal charges. Upon review of the record, the Court **FINDS** that there has been no speedy trial violation of the defendant's rights under the Sixth Amendment.

The defendant also has not established a due process violation under the Fifth Amendment based on a claim of delay prior to his arrest or indictment on the federal charges. To make this claim he would have to show "(1) the pre-indictment delay caused substantial prejudice, and (2) 'the delay was an intentional device to gain tactical advantage over the accused.'" *Id.* at 886, (*quoting United States v. Dickerson*, 975 F.2d 1245, 1252 (7th Cir. 1992)). There simply is nothing in the record to support such a finding. The defendant asserts a Fifth

Amendment violation, but does not show how he was prejudiced nor does he show how the actions of the federal government amounted to a delay tactic.  The Court notes that the defendant, himself,  sought a continuance in the state court trial docket on June 4, 2004.  The state court proceeding went forward as a criminal charge would in that system.  The fact that the state prosecutor elected to dismiss the pending state action after the defendant was indicted on federal charges, does not support a finding of delay tactics or prejudice which would support a Fifth Amendment violation.

      Accordingly, the Court **DENIES** defendant's motion to dismiss on all grounds.

      **IT IS SO ORDERED.**

      **DATED: September 6, 2005.**

      **s/ WILLIAM D. STIEHL**
      **DISTRICT JUDGE**